IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT IN AND
FOR VOLUSIA COUNTY, FLORIDA

ROBERT HAMZIK and SUSAN HAMZIK,
husband and wife,

CASE NO.: 2018 10343 CIDL

        Plaintiff,

vs.

LOWE'S HOME CENTERS, LLC;
HUSQVARNA PROFESSIONAL
PRODUCTS, INC.; AND KOHLER CO.,

        Defendants.

_____/

## AMENDED COMPLAINT
### (As to Scrivener's Error in Paragraphs 25 and 51)

COMES NOW the Plaintiffs, ROBERT HAMZIK and SUSAN HAMZIK, husband and

wife (hereinafter "R. HAMZIK and S. HAMZIK"), by and through their undersigned counsel,

sue the Defendants, LOWE'S HOME CENTERS, LLC; (hereinafter "LOWE'S");

HUSQVARNA PROFESSIONAL PRODUCTS, INC. (hereinafter "HUSQUVARNA"); and

KOHLER CO. (hereinafter "KOHLER"); and allege:

### ALLEGATIONS COMMON TO ALL COUNTS

1.      This is an action for damages which exceed the sum of fifteen thousand dollars

($15,000.00).

2.      On or about May 29, 2017, ROBERT HAMZIK was over eighteen years of age, a

resident of Volusia County, Florida, and was otherwise *sui juris*.

3.      On or about May 29, 2017, SUSAN HAMZIK was over eighteen years of age, a

resident of Volusia County, Florida, and was otherwise *sui juris*. SUSAN HAMZIK is legally

married to ROBERT HAMZIK.

4. On or about May 29, 2017, and at all relevant times subsequent thereto, LOWE'S was a foreign limited liability corporation authorized to and doing business in the State of Florida and at all times material hereto, was and is doing business in Volusia County, Florida, and was otherwise *sui juris*.

5. On or about May 29, 2017, and at all relevant times subsequent thereto, HUSQVARNA was a foreign profit corporation authorized to and doing business in the State of Florida and at all times material hereto, was and is doing business in Volusia County, Florida, and was otherwise *sui juris*.

6. On or about May 29, 2017, and at all relevant times subsequent thereto, KOHLER was a foreign profit corporation authorized to and doing business in the State of Florida and at all times material hereto, was and is doing business in Volusia County, Florida, and was otherwise *sui juris*.

7. On May 25, 2014, R. HAMZIK purchased a 54" Kohler 26hp V-Twin VTR zero turn lawnmower, model number KT745, (the "mower") from the Lowe's Home Centers, LLC store #280 located at 901 Saxon Boulevard, Orange City, FL 32763, Volusia County, Florida.

8. The mower is marketed, advertised, distributed, and sold by Lowe's.

9. HUSQVARNA designed and manufactured the mower.

10. KOHLER designed and manufactured the engine equipped on the mower.

11. HUSQVARNA is required to inspect its product before the product is sold in the United States. In particular, HUSQVARNA has a duty to ensure that its products are properly manufactured, safe, and in accordance with its specifications.

12. KOHLER is required to inspect its product before the product is sold in the United States. In particular, KOHLER has a duty to ensure that its products are properly manufactured, safe, and in accordance with its specifications.

2

13.     HUSQVARNA supplied the mower to Lowe's. Lowe's, as a mass market retailer, is responsible for the distribution and sales of the mower and a full safety check. Lowe's has a duty to ensure that its products are safe and meet the standards for retail.

14.     KOHLER supplied the engine to Husqvarna. Husqvarna, as a mass distributer of mowers, is responsible for the distribution of the mower and a full safety check. Husqvarna has a duty to ensure that its products are safe and meet the standards for retail.

15.     On May 25, 2014, R. HAMZIK was the homeowner of a two-acre residence who mowed his own lawn in DeLand, Florida.

16.     On May 25, 2014, R. HAMZIK was mowing two-acre lawn at his residence in DeLand, Florida.

17.     While cutting the grass on May 25, 2014, the mower caught fire and severely burned R. HAMZIK'S body.

18.     R. HAMZIK underwent several skin grafts and treatment at Orlando Regional Medical Center.

## COUNT I – STRICT LIABILITY AGAINST HUSQVARNA PROFESSIONAL PRODUCTS, INC.

### MANUFACTURING DEFECTS

R. HAMZIK and S. HAMZIK readopt and reallege paragraphs 1-18 as though fully set forth herein.

19.     At the time the mower was manufactured and placed into the stream of commerce by HUSQVARNAMAKITA, it contained manufacturing defects that were unreasonably dangerous to persons such as R. HAMZIK, who was an intended and/or foreseeable user.

        a. The HUSQVARNA mower engine is inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

3

    b.  HUSQVARNA failed to install or otherwise assemble and manufacture into the mower, a properly functioning engine.

20.    As a result of the manufacturing defects, the mower failed to perform as safely as an ordinary consumer would expect when utilizing the mower in an intended and/or reasonably foreseeable manner.

21.    The manufacturing defects in the mower were the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK's body.

22.    The manufacturing defects in the mower were the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT. HAMZIK, demands judgment for damages against the Defendant, HUSQVARNA PROFESSIONAL PRODUCTS, INC., and further demands trial by jury.

### COUNT II – STRICT LIABILITY AGAINST HUSQVARNA PROFESSIONAL PRODUCTS, INC.

### DESIGN DEFECTS

R. HAMZIK and S. HAMZIK readopt and reallege paragraphs 1-18 as though fully set forth herein.

23.    At the time the mower was designed and manufactured and placed into the stream of commerce by HUSQVARNA, it contained design defects that were unreasonably dangerous to persons, such as R. HAMZIK, who was an intended and/or foreseeable user.

    a.  HUSQVARNA failed to design a mower that was not inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

4

b.  HUSQVARNA failed to design into its mower with an engine in its completed product which was put into the stream of commerce for sale to the public at large.

24.    As a result of the design defects, the mower failed to perform as safely as an ordinary consumer would expect when utilizing the mower in an intended and/or reasonably foreseeable manner, and/or the risk of danger inherent in the design of the mower outweighed the benefits of that design.

25.    The design defects in the mower were the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK's body.

26.    The design defects in the mower were the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, HUSQVARNA PROFESSIONAL PRODUCTS, INC., and further demands trial by jury.

## COUNT III – STRICT LIABILITY AGAINST HUSQVARNA PROFESSIONAL PRODUCTS, INC.

### DEFECTIVE WARNINGS

R. HAMZIK and S. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

27.    At the time the MOWER was designed and manufactured and placed into the stream of commerce by HUSQVARNA, it lacked and/or contained defective warnings that

5

rendered the MOWER unreasonably dangerous to persons, such as R. HAMZIK, who was an intended and/or foreseeable user.

    a. HUSQVARNA failed to warn that its mower was inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

    b. HUSQVARNA failed to warn that:

        i. It was inherently dangerous to use the mower with a defective engine.

        ii. It did not have a properly working engine.

        iii. It did not warn that it was inherently unsafe to use the mower that had a defective engine.

    c. HUSQVARNA failed to warn that a mower inherently dangerous, as manufactured, as compared to a traditional mower.

28. At all times material hereto, the mower was maintained and inspected and the warnings read and comprehended as often and as completely as a reasonably prudent person would have done under the same or similar circumstances and, at no time material hereto, was the mower subjected to any unintended and/or unreasonable conditions.

29. At all times material hereto, the use of the mower in a manner that was intended and/or reasonably foreseeable by HUSQVARNA involved substantial dangers that would not be readily recognized by an ordinary user of the mower.

30. At all times material hereto, this danger was known or knowable by HUSQVARNA in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the mower.

31. At all times material hereto, HUSQVARNA had a duty to provide adequate warnings to R. HAMZIK on how to use, maintain, recognize, and appreciate the dangers inherent within the mower.

6

32.     At all times material hereto, HUSQVARNA failed to give adequate warnings of the dangers associated with the mower.

33.     As a result of the lack of and/or defective warnings, the mower failed to perform as safely as an ordinary consumer would expect when utilizing the mower in an intended and/or reasonably foreseeable manner and/or the risk of danger inherent in the lack of and/or defective warning on or with the mower outweighed the benefits of the warning, design, and the use of the Mower.

34.     The lack of and/or defective warnings on or with the mower were the direct and proximate cause of the failure that caused the mower to burn R. HAMZIK's body.

35.     The lack of and/or defective warnings on or with the mower were the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, HUSQVARNA PROFESSIONAL PRODUCTS, INC., and further demands trial by jury.

### COUNT IV - NEGLIGENCE AGAINST
### HUSQVARNA PROFESSIONAL PRODUCTS, INC.

### MANUFACTURE

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

36.     The negligent manner in which the mower was manufactured was the direct and proximate cause of the failure of safety features causing R. HAMZIK's body to be burned.

7

37.    The negligent manufacture of the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.   These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

       a.   The HUSQVARNA mower is inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

       b.   HUSQVARNA failed to install or otherwise assemble and manufacture into the final mower, a standard engine.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, HUSQVARNA PROFESSIONAL PRODUCTS, INC., and further demands trial by jury.

## COUNT V - NEGLIGENCE AGAINST HUSQVARNA PROFESSIONAL PRODUCTS, INC.

### DESIGN

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

38.    The negligent manner in which the mower was designed was the direct and proximate cause of the failure of the mower that caused R. HAMZIK's body to be burned.

39.    The negligent design of the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.   These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

       a.   HUSQVARNA failed to design a mower that was not inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

8

     b.  HUSQVARNA failed to design into its mower a standard engine in its completed product which was put into the stream of commerce for sale to the public at large.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, HUSQVARNA PROFESSIONAL PRODUCTS, INC., and further demands trial by jury.

<u>**COUNT VI - NEGLIGENCE AGAINST**</u>
<u>**HUSQVARNA PROFESSIONAL PRODUCTS, INC.**</u>

<u>**WARNINGS**</u>

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

40.    At all times material hereto, the use of the mower in a manner that was intended and/or reasonably foreseeable by HUSQVARNA involved substantial danger that would not be readily recognized by an ordinary user of the mower.

41.    At all times material hereto, this danger was known or knowable by HUSQVARNA in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the mower.

42.    At all times material hereto, HUSQVARNA had a duty to provide an adequate warning to R. HAMZIK on how to use, maintain, and recognize and appreciate the danger inherent within the mower.

43.    At all times material hereto, HUSQVARNA failed to give adequate warnings of the danger associated with the mower.

     a.  HUSQVARNA failed to warn that its mower's engine was inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

     b.  HUSQVARNA failed to warn that:

9

    i.  It was inherently dangerous to use the mower with a defective engine.

    ii.  It did not have a properly working engine.

    iii.  It did not warn that it was inherently unsafe to use the mower that had a defective engine.

c.  HUSQVARNA failed to warn that a mower was inherently dangerous, as manufactured, as compared to a traditional mower.

d.  HUSQVARNA failed to train, instruct, or otherwise teach LOWE'S to properly warn mower customers of the inherently dangerous propensities of the mower.

44.    The lack of and/or negligent warnings on or with the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, HUSQVARNA PROFESSIONAL PRODUCTS, INC., and further demands trial by jury.

## COUNT VII– STRICT LIABILITY AGAINST KOHLER CO.

## MANUFACTURING DEFECTS

R. HAMZIK and S. HAMZIK readopt and reallege paragraphs 1-19 as though fully set forth herein.

45.      At the time the mower was manufactured and placed into the stream of commerce by KOHLER, it contained manufacturing defects that were unreasonably dangerous to persons such as R. HAMZIK, who was an intended and/or foreseeable user.

      a. The KOHLER mower engine is inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

      b. KOHLER failed to assemble and manufacture a properly functioning engine.

46.      As a result of the manufacturing defects, the engine failed to perform as safely as an ordinary consumer would expect when utilizing the engine in an intended and/or reasonably foreseeable manner.

47.      The manufacturing defects in the engine were the direct and proximate cause of the failure that caused the engine to catch fire and burn R. HAMZIK's body.

48.      The manufacturing defects in the engine were the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT. HAMZIK, demands judgment for damages against the Defendant, KOHLER, CO., and further demands trial by jury.

## COUNT VIII – STRICT LIABILITY AGAINST KOHLER CO.

## DESIGN DEFECTS

R. HAMZIK and S. HAMZIK readopt and reallege paragraphs 1-18 as though fully set forth herein.

49.    At the time the engine was designed and manufactured and placed into the stream of commerce by KOHLER, it contained design defects that were unreasonably dangerous to persons, such as R. HAMZIK, who was an intended and/or foreseeable user.

    a. KOHLER failed to design an engine that was not inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

    b. KOHLER failed to design into a non-defective engine in its completed product which was put into the stream of commerce for sale to the public at large.

50.    As a result of the design defects, the engine failed to perform as safely as an ordinary consumer would expect when utilizing the engine in an intended and/or reasonably foreseeable manner, and/or the risk of danger inherent in the design of the engine outweighed the benefits of that design.

51.    The design defects in the engine were the direct and proximate cause of the failure that caused the engine mower to catch fire and burn R. HAMZIK's body.

52.    The design defects in the engine were the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, KOHLER, and further demands trial by jury.

## COUNT VIIII – STRICT LIABILITY AGAINST KOHLER CO.

## DEFECTIVE WARNINGS

R. HAMZIK and S. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

53.     At the time the mower engine was designed and manufactured and placed into the stream of commerce by KOHLER, it lacked and/or contained defective warnings that rendered the MOWER unreasonably dangerous to persons, such as R. HAMZIK, who was an intended and/or foreseeable user.

      a.  KOHLER failed to warn that its mower was inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

      b.  KOHLER failed to warn that:

            i.  It was inherently dangerous to use the mower with a defective engine.

           ii.  It did not have a properly working engine.

         iii.  It did not warn that it was inherently unsafe to use the mower that had a defective engine.

      c.  KOHLER failed to warn that a mower inherently dangerous, as manufactured, as compared to a traditional mower.

54.     At all times material hereto, the mower was maintained and inspected and the warnings read and comprehended as often and as completely as a reasonably prudent person would have done under the same or similar circumstances and, at no time material hereto, was the mower subjected to any unintended and/or unreasonable conditions.

55.     At all times material hereto, the use of the mower in a manner that was intended and/or reasonably foreseeable by KOHLER involved substantial dangers that would not be readily recognized by an ordinary user of the mower.

56.     At all times material hereto, this danger was known or knowable by KOHLER in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the mower.

57.     At all times material hereto, KOHLER had a duty to provide adequate warnings to R. HAMZIK on how to use, maintain, recognize, and appreciate the dangers inherent within the mower.

58.     At all times material hereto, KOHLER failed to give adequate warnings of the dangers associated with the mower.

59.     As a result of the lack of and/or defective warnings, the mower failed to perform as safely as an ordinary consumer would expect when utilizing the mower in an intended and/or reasonably foreseeable manner and/or the risk of danger inherent in the lack of and/or defective warning on or with the mower outweighed the benefits of the warning, design, and the use of the Mower.

60.     The lack of and/or defective warnings on or with the mower were the direct and proximate cause of the failure that caused the mower to burn R. HAMZIK's body.

61.     The lack of and/or defective warnings on or with the mower were the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, KOHLER CO., and further demands trial by jury.

## COUNT IV - NEGLIGENCE AGAINST KOHLER CO.

## MANUFACTURE

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

62.     The negligent manner in which the mower was manufactured was the direct and proximate cause of the failure of safety features causing R. HAMZIK's body to be burned.

63.     The negligent manufacture of the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.   These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

   a.   The KOHLER mower is inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

   b.   KOHLER failed to install or otherwise assemble and manufacture into the final mower, a standard engine.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, KOHLER CO., and further demands trial by jury.

## COUNT V - NEGLIGENCE AGAINST KOHLER PROFESSIONAL PRODUCTS, INC.,

## DESIGN

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

64.     The negligent manner in which the mower was designed was the direct and proximate cause of the failure of the mower that caused R. HAMZIK's body to be burned.

65.     The negligent design of the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish,

15

loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

        a. KOHLER failed to design a mower that was not inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

        b. KOHLER failed to design into its mower a standard engine in its completed product which was put into the stream of commerce for sale to the public at large.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, KOHLER CO., and further demands trial by jury.

## COUNT VI - NEGLIGENCE AGAINST KOHLER PROFESSIONAL PRODUCTS, INC.,

## WARNINGS

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

66.    At all times material hereto, the use of the mower in a manner that was intended and/or reasonably foreseeable by KOHLER involved substantial danger that would not be readily recognized by an ordinary user of the mower.

67.    At all times material hereto, this danger was known or knowable by KOHLER in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the mower.

68.    At all times material hereto, KOHLER had a duty to provide an adequate warning to R. HAMZIK on how to use, maintain, and recognize and appreciate the danger inherent within the mower.

69.     At all times material hereto, HUSQVARNA KOHLER failed to give adequate warnings of the danger associated with the mower.

    a.  KOHLER failed to warn that its mower's engine was inherently defective and unreasonably dangerous for its intended use and foreseeable misuse.

    b.  KOHLER failed to warn that:

        i.  It was inherently dangerous to use the mower with a defective engine.

        ii.  It did not have a properly working engine.

        iii.  It did not warn that it was inherently unsafe to use the mower that had a defective engine.

    c.  KOHLER failed to warn that a mower was inherently dangerous, as manufactured, as compared to a traditional mower.

    d.  KOHLER failed to train, instruct, or otherwise teach LOWE'S to properly warn mower customers of the inherently dangerous propensities of the mower.

70.     The lack of and/or negligent warnings on or with the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, KOHLER CO., and further demands trial by jury.

## COUNT VII – STRICT LIABILITY AGAINST LOWE'S HOME CENTERS, LLC
## MANUFACTURING DEFECTS

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

17

71.     At the time the mower was placed into the stream of commerce by the Defendant, LOWE'S, it contained manufacturing defects that were unreasonably dangerous to persons such as R. HAMZIK, who was an intended and/or foreseeable user.  The defects alleged in paragraph 21 above are hereby realleged.

72.     The mower was in substantially the same defective condition at the time of the above-mentioned failure that caused the mower catch fire and burn R. HAMZIK'S face, arms, body, and legs as it was when it left LOWE'S possession or control.

73.     As a result of the manufacturing defects, the mower failed to perform as safely as an ordinary consumer would expect when utilizing the MOWER in an intended and/or reasonably foreseeable manner.

74.     The manufacturing defects in the mower were the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK'S face, arms, body, and legs.

75.     The manufacturing defects in the mower were the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, LOWE'S HOME CENTERS, LLC, and further demands trial by jury.

## COUNT VIII - STRICT LIABILITY AGAINST LOWE'S HOME CENTERS, LLC
### DESIGN DEFECTS

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

76.     At the time the mower was designed and placed into the stream of commerce by LOWE'S, it contained design defects that were unreasonably dangerous to persons such as R. HAMZIK, who was an intended and/or foreseeable user.

77.     As a result of the design defects, the mower failed to perform as safely as an ordinary consumer would expect when utilizing the mower in an intended and/or reasonably foreseeable manner, and/or the risk of danger inherent in the design of the mower outweighed the benefits of that design.  The defects alleged in paragraph 26 above are hereby realleged.

78.     The design defects in the mower were the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK'S face, arms, body, and legs.

79.     The design defects in the mower were the direct and proximate cause of R. HAMZIK'S injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, LOWE'S HOME CENTERS, LLC, and further demands trial by jury.

## COUNT IX - STRICT LIABILITY AGAINST LOWE'S HOME CENTERS, LLC
### DEFECTIVE WARNINGS

R. HAMZIK readopts and realleges paragraphs 1-19 as though fully set forth herein.

80.     At the time the mower was designed and placed into the stream of commerce by LOWE'S, it lacked and/or contained defective warnings that rendered the mower unreasonably dangerous to persons such as R. HAMZIK, who was an intended and/or foreseeable user.  The defects alleged in paragraph 31 above are hereby realleged.

19

81.     At all times material hereto, the mower was maintained and inspected and the warnings read and comprehended as often and as completely as a reasonably prudent person would have done under the same or similar circumstances, and at no time material hereto was the mower subjected to any unintended and/or unforeseeable conditions.

82.     The mower was in substantially the same defective condition at the time of the above-mentioned failure that caused the mower to catch fire and burn R. HAMZIK'S face, arms, body, and legs as it was when it left LOWE'S possession or control.

83.     At all times material hereto, the use of the mower in a manner that was intended and/or reasonably foreseeable by LOWE'S involved substantial danger that would not be readily recognized by an ordinary user of the mower.

84.     At all times material hereto, this danger was known or knowable by LOWE'S in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the mower.

85.     At all times material hereto, LOWE'S had a duty to provide adequate warnings to R. HAMZIK on how to use, maintain, and recognize and appreciate the dangers inherent within the moweraw.

86.     At all times material hereto, LOWE'S failed to give adequate warnings of the dangers associated with the mower.

87.     As a result of the lack of and/or defective warnings, the mower failed to perform as safely as an ordinary consumer would expect when utilizing the mower in an intended and/or reasonably foreseeable manner, and/or the risk of danger inherent in the lack of and/or defective warning on or with the mower outweighed the benefits of the warning, design, and the use of the mower.

88.     The lack of and/or defective warnings on or with the mower was the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK'S face, arms, body, and legs.

89.     The lack of and/or defective warnings on or with the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, LOWE'S HOME CENTERS, LLC, and further demands trial by jury.

## COUNT X - NEGLIGENCE AGAINST LOWE'S HOME CENTERS, LLC
## MANUFACTURE

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

90.     The defects alleged in paragraph 21 above are hereby realleged.

91.     The negligent manner in which the mower was manufactured was the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK'S face, arms, body, and legs.

92.     The negligent manufacture of the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

21

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, LOWE'S HOME CENTERS, LLC, and further demands trial by jury.

## COUNT XI - NEGLIGENCE AGAINST LOWE'S HOME CENTERS, LLC

### DESIGN

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

93.     The defects alleged in paragraph 26 above are hereby realleged.

94.     The negligent manner in which the mower was designed was the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK'S face, arms, body, and legs.

95.     The negligent design of the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, LOWE'S HOME CENTERS, LLC, and further demands trial by jury.

## COUNT XII- NEGLIGENCE AGAINST LOWE'S HOME CENTERS, LLC

### WARNING

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

96.     The defects alleged in paragraph 31 above are hereby realleged.

97.     LOWE'S failed to warn R. HAMZIK the mower was inherently dangerous.

98.     At all times material hereto, the use of the mower in a manner that was intended and/or reasonably foreseeable by LOWE'S involved substantial danger that would not be readily recognized by an ordinary user of the mower.

22

99.     At all times material hereto, this danger was known or knowable by LOWE'S, in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the mower.

100.    At all times material hereto, LOWE'S had a duty to provide an adequate warning to R. HAMZIK on how to use, maintain and recognize and appreciate the danger inherent within the mower.

101.    At all times material hereto, LOWE'S failed to give adequate warnings of the danger associated with the mower.

102.    The lack of and/or negligent warnings on or with the mower was the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK'S face, arms, body, and legs.

103.    The lack of and/or negligent warnings on or with the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.   These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, LOWE'S HOME CENTERS, LLC, and further demands trial by jury.

## COUNT XIII- NEGLIGENCE AGAINST LOWE'S HOME CENTERS, LLC
## ASSEMBLY

R. HAMZIK readopts and realleges paragraphs 1-18 as though fully set forth herein.

104.    The negligent manner in which the mower was assembled by LOWE'S was the direct and proximate cause of the failure that caused the mower to catch fire and burn R. HAMZIK'S face, arms, body, and legs.

105.    The negligent assembly of the mower was the direct and proximate cause of R. HAMZIK's injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These loses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ROBERT HAMZIK, demands judgment for damages against the Defendant, LOWE'S HOME CENTERS, LLC, and further demands trial by jury.

Dated this ___30th___ day of ___March___, 2018.

_____s/Shannon P. Liatsos_____
**JAMES G. VICKARYOUS, ESQ.**
Florida Bar No.:  986933
**SHANNON P. LIATSOS, ESQ.**
Florida Bar No.:  028042
**VICKARYOUS LAW FIRM**
1515 International Pkwy, Suite 2031
Lake Mary, FL  32746-7635
Ph:  (407) 333-3332 Fax: (407) 333-9933
Attorneys for Plaintiff
Primary email:  ShannonL@vickaryous.com
Secondary email: MichelleC@vickaryous.com
Tertiary email:  Stephanie.Lillie@vickaryous.com

24